ORIGINAL

# In the United States Court of Federal Claims

No. 17-1404T

(Filed: May 30, 2018)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
LARRY C. WADE,                               *
                                             *
              Plaintiff,                      *
                                             *
v.                                           *
                                             *
THE UNITED STATES,                           *
                                             *
              Defendant.                      *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

MAY 3 0 2018

U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

__WILLIAMS__, Judge.

This matter comes before the Court on Defendant's motion to dismiss.  For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Larry C. Wade is a resident of the state of Michigan, and has been employed by Ford Motor Company since April 29, 1994.  Compl. ¶ 1.  Plaintiff, who is a Vehicle Inspector for Ford, alleges that the Internal Revenue Service ("IRS") improperly garnished his wages, causing him to suffer a "traumatic injury," hypertension, and a flare-up of high blood pressure.  Id. at ¶¶ VII, XI-XII.

On July 12, 2016, the IRS notified Plaintiff that due to his failure to pay tax for the tax periods 2002 through 2007, Plaintiff would be subject to enforced collection, which could include placing a levy on his "bank account, wages, receivables, commissions, etc." or could involve seizing and selling property such as real estate, vehicles, or business assets.  Compl. Ex. A. Plaintiff owed $135,832.19 in unpaid taxes, penalties, and interest for this time period.  Id.  On September 8, 2016, Plaintiff received a letter from the Garnishee Representative at Ford, which included form 668W(c), "Notice of Levy on Wages, Salary, and Other Income" from the IRS,

---

[1]     This background is derived from Plaintiff's complaint and the attached exhibits.

dated August 31, 2016.  Compl. Ex. B.  Plaintiff was instructed to fill out the "Statement of Exemptions and Filing Status" section of the form and return it to the payroll office immediately. Id.  Plaintiff was notified that failure to complete the form would not prevent deductions from his check.  Id.  Plaintiff was told to contact the IRS to apply for a Release of Levy.  Id.  Plaintiff signed the Notice of Levy on September 28, 2016, and the first payment of $565.62 was taken out in the pay period ending September 25, 2016.  Compl. Ex. C.  As of February 4, 2018, Plaintiff still owes $94,933.47 in unpaid taxes, penalties, and interest.  Resp. Ex. F.

Plaintiff seeks $969,000,000 in damages, a "refund for Compensation of monetary relief," and an injunction against further collection of the levy.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking.  Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).  The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1).  Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'"  Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence.  See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

Although this Court has jurisdiction over actions for tax refunds, this Court lacks jurisdiction over Plaintiff's claim.  In order to invoke this Court's jurisdiction in a tax refund suit, a plaintiff must have paid all taxes, penalties, and interest in full and have filed a refund claim with the IRS for the amount of tax at issue.  26 U.S.C. § 7422(a) (2012); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Flora v. United States, 357 U.S. 63, 72-73 (1958). Because Plaintiff has not paid the taxes he owes and does not seek a refund, this Court lacks jurisdiction over Plaintiff's refund claim.

The gravamen of Plaintiff's complaint is that the IRS wrongfully imposed a levy and is improperly garnishing his wages.  Plaintiff invokes 26 U.S.C. §§ 7426(a)(1) and 7433 as bases for this Court's jurisdiction.  However, jurisdiction over claims of wrongful levies brought pursuant to § 7426 is vested exclusively in the district courts, and claims under this statute must be brought by a third party, not by the party against whom the tax was assessed.  26 U.S.C. § 7426(a)(1) (2012); Simmons v. United States, 127 Fed. Cl. 153, 161 (2016).  Similarly, jurisdiction under Section 7433, which permits a taxpayer to recover damages resulting from reckless, intentional, or negligent actions of any officer or employee of the IRS, is vested exclusively in the district courts. 26 U.S.C. § 7433(a) (2012); Ledford, 297 F.3d at 1382.  Therefore, this Court lacks jurisdiction over Plaintiff's claims alleging a wrongful levy.

Plaintiff also alleges various Constitutional and civil rights violations, citing the Fourth Amendment's search and seizure clause, the Fifth Amendment's Due Process clause, and 42 U.S.C. §§ 1983, 1985, and 1988. The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

This Court lacks jurisdiction over Plaintiff's Constitutional and civil rights claims, as neither the search and seizure clause nor the Due Process clause is money-mandating, and jurisdiction over civil rights violations is vested exclusively in the district courts. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009). Plaintiff also alleges negligent behavior by the IRS, resulting in "loss of reputation" and emotional distress. However, this Court does not have jurisdiction over claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

In addition to monetary damages, Plaintiff requests "other relief, such as an injunction against the Collection of similar Tax in the future." Compl. ¶ XII. However, this Court lacks the authority to grant such equitable relief.

**Conclusion**

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

**MARY ELLEN COSTER WILLIAMS**
**Judge**

3